```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

LEO OLADIMU aka Leo V. Felton  )
                               )
          Petitioner,          )
     v.                        )   C.A. No. 11-10881-GAO
                               )
UNITED STATES                  )
                               )
          Respondent.          )

## MEMORANDUM AND ORDER OF TRANSFER

On May 10, 2011, petitioner Leo Oladimu, now incarcerated at the U.S. Penitentiary in Lewisburg, Pennsylvania, submitted for filing his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the $5 filing fee in response to the Court's June 1, 2011 Procedural Order directing petitioner to either pay the filing fee or file a fee-waiver application. See Docket.

An action pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions. See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001). Here, Petitioner seeks to challenge the calculation of his good conduct time and alleges exhaustion of his administrative remedies.

The Petitioner is located in another district and is in the legal custody of the U.S. Penitentiary in Lewisburg,

Pennsylvania. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The proper respondent in a habeas action is petitioner's custodian, which in this case is B.A. Bledsoe, the warden of the U.S. Penitentiary in Lewisburg. See Id.; see also Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).

Moreover, the Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained); see also Cameron v. United States, 506 F. Supp. 2d 92, 94 (D.P.R. 2007) (dismissing BOP as party in section 2241 proceedings and quoting Rumsfeld v. Padilla, 542 U.S. at 428, 124 S.Ct. 2711).

Because this court does not have personal jurisdiction over the Warden of the U.S. Penitentiary in Lewisburg, it must either dismiss or transfer this Section 2241 petition to the proper district. Vasquez at 696. However, rather than dismiss this action, I will order that this action be transferred to the proper district, in the interests of justice pursuant to 28

U.S.C. § 1631, for such further proceedings as that court deems appropriate.[1]  Vasquez at 696.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania, 235 N. Washington Avenue, P. O. Box 1148, Scranton, PA 18501.

SO ORDERED.

| | |
|---|---|
| July 22, 2011 | /s/ George A. O'Toole, Jr. |
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |

---

[1] Because the Court is transferring this action, it will not address petitioner's motion for funds for counsel. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

3